

**SULLIVAN & CROMWELL LLP**

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*

*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

Handwritten endorsement: "It would be helpful to have a 1-2 pp response from PL by 12/19/07."

SO ORDERED: Date: 12/18/07
Richard M. Berman, U.S.D.J.

**MEMO ENDORSED**

December 18, 2007

By Hand

The Honorable Richard M. Berman,
    United States District Judge,
        Daniel Patrick Moynihan United States Courthouse,
        500 Pearl Street, Room 650,
            New York, New York 10007.

RECEIVED DEC 18 2007 CHAMBERS OF RICHARD M BERMAN U.S.D.J.

USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 12/18/07

  Re: *Luminent Mortgage Capital, Inc., et al.* v. *Barclays Capital Inc.*,
    07-CIV-10275 (S.D.N.Y.)

Dear Judge Berman:

  We respectfully request a pre-motion conference regarding Barclays Capital Inc.'s motion to dismiss three of Plaintiffs' supposed causes of action and their demand for punitive damages. We propose that this pre-motion conference be held at the time of the initial pre-trial conference currently scheduled for Thursday, December 20, 2007, at 9:30 a.m.

  The Plaintiffs sold mortgage-related bonds to Barclays Capital Inc. ("BCI") pursuant to repurchase agreements obligating them to buy the bonds back at the original sale price plus accrued interest. BCI was entitled to issue margin calls requiring each Plaintiff to deliver additional securities or cash margin whenever the value of the securities subject to its repurchase agreements was less than the prices at which the Plaintiff was obligated to repurchase the securities, plus a specified percentage. If the Plaintiff failed to comply with a margin call, BCI was entitled to terminate its repurchase agreements and recover from the Plaintiff any amount by which the agreed repurchase prices exceeded the value of the securities and cash margin.

Honorable Richard M. Berman                                                                          2

The Complaint alleges that BCI issued margin calls "against the backdrop of a perceived crisis concerning the so-called 'subprime' mortgage loan market," that Plaintiffs refused to comply with the margin calls, and that BCI terminated the repurchase agreements and demanded payment of the "close-out deficit." (¶¶ 22, 26.) Plaintiffs allege that the margin calls and the demands for the close-out deficits violated the repurchase agreements because BCI was "valuating the Bonds at artificially low prices." (¶¶ 52, 56.) They also allege that BCI reneged on a repurchase agreement with plaintiff Saturn with the result that Saturn sold BCI the bond subject to the repurchase agreement at an unreasonably low price. (¶¶ 63, 74.)

The Plaintiffs assert a First and Fifth Cause of Action for breach of contract, based on the margin calls, close-out deficits, and alleged breach of the repurchase agreement with Saturn. They also purport to assert a Second Cause of Action for "Breach of Covenant of Good Faith and Fair Dealing" based on the same conduct as the First Cause of Action; a Third Cause of Action for "Unjust Enrichment" based on the same conduct as the First, Second, and Fifth Causes of Action; and a Fourth Cause of Action for an "Accounting" relating to the close-out deficit.

Under New York law, a breach of the covenant of good faith and fair dealing implied in an express contract "is merely a breach of the underlying contract." *Harris v. Provident Life & Acc. Ins. Co.*, 310 F.3d 73, 80 (2d Cir. 2002). A claim for breach of the implied covenant based on the same allegations as a claim for breach of the contract should be dismissed as superfluous. *Compagnia Importazioni v. L3 Communications Corp.*, 2007 U.S. Dist. LEXIS 57870, at *22-23 (S.D.N.Y. July 31, 2007) (citing *Harris*, 310 F.3d at 81). Similarly, an unjust enrichment claim "may not be maintained where an express agreement exists defining the parties' rights and

Honorable Richard M. Berman	3

obligations." *Theatre Row Phase II Assocs. v. Nat'l Recording Studios, Inc.*, 291 A.D.2d 172, 739 N.Y.S.2d 671, 673 (1st Dep't 2002). The accounting claim should be dismissed because Plaintiffs do not allege a fiduciary or confidential relationship. *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital Inc.*, 87 F.3d 44, 49 (2d Cir. 1996). In addition, each Plaintiff "has sought money damages in its breach of contract claim, and since discovery as to the measure of damages would be available to [plaintiff] pursuant to that claim, [plaintiff] can obtain all the information it seeks in its existing claims at law. Accordingly, 'no useful purpose would be served by treating the plaintiffs' equitable accounting claim as an additional, and duplicative action at law.'" *Compagnia Importazioni*, 2007 U.S. Dist. LEXIS at *26-28 (quoting *Leveraged Leasing*, 87 F.3d at 49).

Finally, punitive damages may only be awarded for an alleged breach of contract if "(1) the defendant's conduct is actionable as an independent tort; (2) the tortious conduct is sufficiently egregious; (3) the egregious conduct was directed at the plaintiff; and (4) the conduct was part of a pattern of conduct directed at the public generally." *RNB Garments Philippines, Inc. v. Lau*, 1999 U.S. Dist. LEXIS 5320, at *17 (S.D.N.Y. Apr. 16, 1999) (citing *New York Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308, 316, 639 N.Y.S.2d 283, 287 (1995)). Plaintiffs do not allege any of these things, and their demand for punitive damages should be dismissed.

Respectfully submitted,

Jeffrey T. Scott

cc:	Michael E. Patrella (*By Hand*)
	(O'Shea Partners LLP)