Robinson B. Lacy (RL8282)
Jeffrey T. Scott (JS5014)
Yannick Carapito (YC7480)
Jonathan Sedlak (JS3769)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
(212) 558-4000

*Attorneys for Defendant Barclays Capital Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| LUMINENT MORTGAGE CAPITAL, INC., *et al.*, | |
| Plaintiffs, | 07 CIV 10275 (RMB) |
| v. | **BARCLAYS CAPITAL INC.'S** |
| BARCLAYS CAPITAL INC., | **NOTICE OF** |
| Defendant. | **MOTION TO DISMISS** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law of Barclays Capital Inc. in Support of Its Motion to Dismiss, dated January 7, 2008, and the Affidavit of Jeffrey T. Scott, dated January 7, 2008, including the exhibits attached thereto, Barclays Capital Inc. will move this Court, before the Honorable Richard M. Berman, at a time and place to be determined by the Court, at the United States Courthouse, 500 Pearl Street, New York, New York 10007, for an Order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing plaintiffs' claims for breach of the implied covenant of good faith and fair dealing, unjust enrichment,

accounting, and punitive damages, and for such further and other relief that the Court may deem just and proper.

Dated: New York, New York
January 7, 2008

                                             /s/ Jeffrey T. Scott
                                             Robinson B. Lacy (RL8282)
                                             Jeffrey T. Scott (JS5014)
                                             Yannick Carapito (YC7480)
                                             Jonathan Sedlak (JS3769)
                                             SULLIVAN & CROMWELL LLP
                                             125 Broad Street
                                             New York, NY  10004
                                             (212) 558-4000

                                             *Attorneys for Defendant*
                                             *Barclays Capital Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I am admitted to the Bar of this Court and that, on January 7, 2008, true copies of the foregoing **BARCLAYS CAPITAL INC.'S NOTICE OF MOTION TO DISMISS**, dated January 7, 2008, were served by hand on Micheal E. Petrella, Esq., O'Shea Partners LLP, 90 Park Avenue, 20th Floor, New York, New York 10016.

_____
Jonathan M. Sedlak

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
                              :
LUMINENT MORTGAGE CAPITAL,    :
INC., *et al.*,               :
                              :
            Plaintiffs,       :   07 CIV 10275 (RMB)
      v.                      :
                              :
BARCLAYS CAPITAL INC.,        :
                              :
            Defendant.        :
                              :
------------------------------x

# MEMORANDUM OF LAW OF BARCLAYS CAPITAL INC. IN SUPPORT OF ITS MOTION TO DISMISS

Robinson B. Lacy (RL8282)
Jeffrey T. Scott (JS5014)
Yannick Carapito (YC7480)
Jonathan Sedlak (JS3769)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Counsel for Defendant
Barclays Capital Inc.*

January 7, 2008

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................1

THE ALLEGATIONS OF THE COMPLAINT ..........................................................3

THE APPLICABLE LEGAL STANDARD .................................................................4

ARGUMENT ..................................................................................................................5

I. Plaintiffs' Claim for Breach Of The Covenant Of Good Faith And Fair Dealing Should Be Dismissed Because It Is Duplicative Of Plaintiffs' Breach of Contract Claim. ..................................................................................5

II. Plaintiffs' Unjust Enrichment Claim Should Be Dismissed Because It Is Based On Conduct Governed By A Contractual Relationship. .........................6

III. Plaintiffs' Accounting Claim Should Be Dismissed Because It Is Duplicative Of Plaintiffs' Breach Of Contract Claim ........................................8

IV. Plaintiffs' Claim For Punitive Damages Should Be Dismissed ........................8

CONCLUSION ............................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*AD Rendon Communs., Inc. v. Lumina Ams., Inc.*,
2007 U.S. Dist. LEXIS 75625 (S.D.N.Y. Oct. 9, 2007) .......................................... 8

*Bell Atl. Corp. v. Twombly*,
127 S. Ct. 1955 (2007) .......................................... 4

*Boule v. Hutton*,
138 F. Supp. 2d 491 (S.D.N.Y. 2001) .......................................... 7

*Camp Summit of Summitville, Inc. v. Visinski*,
2007 U.S. Dist. LEXIS 28496 (S.D.N.Y. Apr. 16, 2007) .......................................... 5

*Chambers v. Time Warner, Inc.*,
282 F.3d 147 (2d. Cir. 2002) .......................................... 3

*Compagnia Importazioni Esportazioni Rapresentanze v. L-3 Communications, Corp.*, 2007 U.S. Dist. LEXIS 57870 (S.D.N.Y. July 31, 2007) .......................................... 8

*Concord Camera Corp. v. Fuji Photo Film Co.*,
1999 U.S. Dist. LEXIS 5978 (S.D.N.Y. Apr. 21, 1999) .......................................... 6

*Excelsior Fund, Inc. v. JP Morgan Chase Bank*,
2007 U.S. Dist. LEXIS 22966 (S.D.N.Y. Mar. 28, 2007) .......................................... 4

*Goldman v. Belden*,
754 F.2d 1059 (2d Cir. 1985) .......................................... 4

*Great White Bear, LLC v. Mervyns, LLC*,
2007 U.S. Dist. LEXIS 31224 (S.D.N.Y. Apr. 26, 2007) .......................................... 5

*Leveraged Leasing Admin. Corp. v. Pacificorp Capital*,
87 F.3d 44 (2d Cir. 1996) .......................................... 8

*Lovely Peoples Fashion v. Magna Fabrics*,
1998 U.S. Dist LEXIS 11197 (S.D.N.Y. July 22, 1998) .......................................... 9

*Mazzaro de Abreu v. Bank of Am. Corp.*,
2007 U.S. Dist. LEXIS 66597 (S.D.N.Y. Sept. 10, 2007.) .......................................... 4

*Network Enterprises, Inc. v. APBA Offshoure Productions, Inc.*,
2004 U.S. Dist. LEXIS 16161 (S.D.N.Y. Aug. 16, 2005) .......................................... 6

*RNB Garments Phil., Inc. v. Lau*,
1999 U.S. Dist. LEXIS 5320 (S.D.N.Y. Apr. 16, 1999) .......................................... 9

STATE CASES

*Canstar v. J.A. Jones Constr. Co.*,
    212 A.D.2d 452, 622 N.Y.S.2d 730 (N.Y. App. Div. 1995) .................................5

*Clark-Fitzpatrick, Inc. v. Long Island R.R.*,
    516 N.E.2d 190, 70 N.Y.2d 382 (N.Y. 1987).................................6

*Joseph Sternberg, Inc. v. Walber 36th St. Assocs.*,
    187 A.D.2d 225, 594 N.Y.S.2d 144 (N.Y. App. Div. 1993) .................................6

*New York Univ. v. Continental Ins. Co.*,
    662 N.E.2d 763, 87 N.Y.2d 308 (N.Y. 1995).................................8, 9

*Palazzo v. Palazzo*,
    121 A.D.2d 261, 503 N.Y.S.2d 381 (N.Y. App. Div. 1986) .................................8

*Theatre Row Phase II Assocs. v. Nat'l Recording Studios, Inc.*,
    291 A.D.2d 172, 739 N.Y.S.2d 671 (N.Y. App. Div. 2002) .................................6

**PRELIMINARY STATEMENT**

Plaintiffs commenced this action against Barclays Capital Inc. ("BCI") for allegedly breaching repurchase agreements between Plaintiffs and BCI. According to the Complaint, Plaintiffs sold mortgage-related bonds to BCI with an agreement that they would buy the bonds back from BCI at the original sale price plus accrued interest. BCI was entitled to issue margin calls and require each Plaintiff to deliver additional securities or cash margin if the value of the securities subject to the repurchase agreements declined beyond a certain level. If the Plaintiff failed to comply with any margin call, BCI was entitled to terminate the relevant agreements, dispose of the securities, and recover from the Plaintiff any amount by which the agreed repurchase price exceeded the value of the securities and cash margin.

The Complaint alleges that in early August 2007, BCI issued margin calls, that Plaintiffs refused to comply with them, and that BCI terminated the repurchase agreements and demanded payment of the "close-out deficit." The Complaint alleges that the margin calls were "unreasonable," and that BCI did not determine the value of the securities "in a commercially reasonable manner or otherwise in good faith." The Complaint also alleges that BCI separately breached a repurchase agreement between plaintiff Saturn Portfolio Management, Inc. ("Saturn") and BCI, which caused Saturn to sell BCI the bond subject to the repurchase agreement at an unreasonably low price.

The gravamen of the Complaint is contained, in its entirety, in Plaintiffs' First and Fifth Causes of Action for breach of contract based on the margin calls, close-out deficits, and alleged breach of the repurchase agreement with Saturn. Plaintiffs also purport, however, to assert a Second Cause of Action for "Breach of Covenant of Good Faith and Fair Dealing" based on exactly the same conduct as the First Cause of Action; a Third Cause of Action for "Unjust Enrichment" based on the same conduct as the First,

Second, and Fifth Causes of Action; and a Fourth Cause of Action for an "Accounting" based on the same conduct as the First Cause of Action. In addition, notwithstanding that the gist of the Complaint is an alleged breach of contract, Plaintiffs seek punitive damages from BCI.

This Court should dismiss Plaintiffs' duplicative and superfluous Second, Third, and Fourth Causes of Action. Under New York law, Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing should be dismissed because it is based on the same allegations as its First Cause of Action for breach of contract. Likewise, Plaintiffs' unjust enrichment claim cannot be maintained as a matter of law because express agreements — the repurchase agreements — indisputably define and govern the parties' rights and obligations in this case. Plaintiffs' accounting claim also should be dismissed because Plaintiffs do not allege, as required under New York law, a fiduciary or confidential relationship between Plaintiffs and BCI. Moreover, Plaintiffs' accounting claim is entirely superfluous of their breach of contract claim because they can obtain all the information they seek in connection with their accounting claim in discovery relating to their existing breach of contract claims.

Finally, the Court should also dismiss Plaintiffs' claim for punitive damages. In order to recover punitive damages for an alleged breach of contract, Plaintiffs are required to allege that BCI's conduct was actionable as an independent tort. They have failed to do so. In addition, even if Plaintiffs could allege such an independent tort (and they can not), their punitive damages claim should still be dismissed because Plaintiffs have failed to allege that BCI's alleged conduct was part of a pattern of conduct directed at the public generally.

## THE ALLEGATIONS OF THE COMPLAINT

In 2005 and 2006, Plaintiffs entered into several "Master Repurchase Agreements" ("MRAs") with BCI. (Compl. ¶ 15.)[1] Pursuant to the MRAs, Plaintiffs sold mortgage-related bonds to BCI, and were obligated to repurchase those bonds back from BCI at some future date at the original sale price plus accrued interest. (Compl. ¶ 21; Scott Aff., Exhibits ("Exhs.") A, B, C and D at § 1.) BCI was entitled, under the MRAs, to issue margin calls requiring each Plaintiff to deliver additional securities or cash margin whenever the value of the securities subject to its repurchase agreement, was less than the prices at which the Plaintiff was obligated to repurchase the securities, plus a specified percentage. (Compl. ¶ 18; Scott Aff., Exhs. A, B, C and D at § 4.) If the Plaintiff failed to comply with a margin call, BCI was entitled to terminate its repurchase agreement, and recover from the Plaintiff any amount by which the agreed repurchase prices exceeded the value of the securities and cash margin. (Compl. ¶ 20; Scott Aff., Exhs. A, B, C and D at § 11.)

Plaintiffs allege that in early August 2007, BCI issued margin calls "against the backdrop of a perceived crisis concerning the so-called 'sub-prime' mortgage loan market." (Compl. ¶ 22.) Plaintiffs refused to satisfy BCI's margin calls, and BCI terminated the MRAs and demanded payment of the "close-out deficit" (*i.e.*, the amount by which the agreed repurchase prices owed to BCI exceeded the value of the securities

---

[1] BCI has attached copies of the MRAs to the Affidavit of Jeffrey T. Scott, dated January 7, 2008 ("Scott Aff."). The MRAs were incorporated by reference into the Complaint and therefore can be considered by the Court in connection with BCI's motion to dismiss. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d. Cir. 2002) (holding "on a motion to dismiss, a court may consider 'documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit'") (citations omitted).

and cash margin). (Compl. ¶¶ 23, 26.) Plaintiffs allege that the margin calls and the demands for the close-out deficits violated the repurchase agreements between BCI and Plaintiffs because BCI was "valuating the Bonds at artificially low prices." (Compl. ¶¶ 52, 56.) Plaintiffs also allege that BCI's disposition of the securities — which occurred after Plaintiffs refused to comply with the margin calls — was a "subsequent breach" of the repurchase agreements because BCI misrepresented its liquidation results. (Compl. ¶¶ 52, 56.)

Finally, Plaintiffs claim that in June 2007, BCI breached the repurchase agreement between Saturn and BCI by "reneging" on an alleged "repurchase transaction" between BCI and Saturn. (Compl. ¶ 39-49.) Plaintiffs allege that BCI forced Saturn to sell the bond subject to the repurchase agreement to BCI at an unreasonably low price. (Compl. ¶¶ 63, 74.) Plaintiffs are seeking both compensatory and punitive damages, along with attorneys' fees and costs of the suit. (Compl., at 16.)

## THE APPLICABLE LEGAL STANDARD

"A complaint should be dismissed if it fails to state a claim upon which relief can be granted." *Mazzaro de Abreu v. Bank of Am. Corp.*, 2007 U.S. Dist. LEXIS 66597, at *12-13 (S.D.N.Y. Sept. 10, 2007.) In ruling on a 12(b)(6) motion to dismiss for failure to state a claim, the court's function is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." *Excelsior Fund, Inc. v. JP Morgan Chase Bank*, 2007 U.S. Dist. LEXIS 22966, at *8 (S.D.N.Y. Mar. 28, 2007) (*quoting Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985)). The court should dismiss any claims for which plaintiffs fail to make factual allegations that "raise a right to relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).

-5-

## ARGUMENT

### I. Plaintiffs' Claim For Breach Of The Covenant Of Good Faith And Fair Dealing Should Be Dismissed Because It Is Duplicative Of Plaintiffs' Breach of Contract Claim.

As this Court has recently recognized, "[i]t is axiomatic that 'a contract claim for alleged breach of the implied covenant of good faith and fair dealing is duplicative of a claim for breach of contract and should be dismissed.'" *Great White Bear, LLC v. Mervyns, LLC*, 2007 U.S. Dist. LEXIS 31224, at *11 (S.D.N.Y. Apr. 26, 2007) (J. Berman) (*quoting Camp Summit of Summitville, Inc. v. Visinski*, 2007 U.S. Dist. LEXIS 28496, at *7 (S.D.N.Y. Apr. 16, 2007.)) Under New York law, "every contract contains an inherent duty of good faith and fair dealing . . . if the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." *Id.* at *9-10 (citations omitted); *see also Canstar v. J.A. Jones Constr. Co.*, 212 A.D.2d 452, 453, 622 N.Y.S.2d 730, 731 (N.Y. App. Div. 1995) (dismissing claim for breach of implied covenant of good faith and fair dealing because the claim was "redundant, since a breach of an implied covenant of good faith and fair dealing is intrinsically tied to the damages allegedly resulting from the breach of the contract").

Plaintiffs' breach of the implied covenant of good faith and fair dealing claim is redundant and superfluous. Plaintiffs allege in their First Cause of Action that BCI breached the repurchase agreements by improperly valuing the bonds, wrongfully triggering margin calls, and misrepresenting BCI's liquidation efforts and results. (Compl. ¶ 52.) These allegations are identical to the allegations in support of Plaintiffs' Second Cause of Action for breach of the implied covenant of good faith and fair dealing. (*Compare* Compl. ¶ 56 *with* Compl. ¶ 52.) Further, all of Plaintiffs' assertions relating to

their breach of the implied covenant of good faith and fair dealing claim "bear directly on and are equally applicable to plaintiff's breach of contract claim." *Network Enterprises, Inc. v. APBA Offshoure Productions, Inc.*, 2004 U.S. Dist. LEXIS 16161, at *13 (S.D.N.Y. Aug. 16, 2005.) Accordingly, Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is duplicative of their breach of contract claim, and should be dismissed.

## II. Plaintiffs' Unjust Enrichment Claim Should Be Dismissed Because It Is Based On Conduct Governed By A Contractual Relationship.

Under New York law, "a claim for unjust enrichment may not be maintained where an express agreement exists defining the parties' rights and obligations." *Theatre Row Phase II Assocs. v. Nat'l Recording Studios, Inc.*, 291 A.D.2d 172, 175, 739 N.Y.S.2d 671, 673 (N.Y. App. Div. 2002); *see also Clark-Fitzpatrick, Inc. v. Long Island R.R.*, 516 N.E.2d 190, 193, 70 N.Y.2d 382, 388 (1987) ("[t]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter"). Courts allow an unjust enrichment claim to proceed as an alternative theory to a breach of contract action when "there is a bona fide dispute as to the existence of a contract or where the contract does not cover the dispute in issue." *Concord Camera Corp. v. Fuji Photo Film Co.*, 1999 U.S. Dist. LEXIS 5978, at *4 (S.D.N.Y. Apr. 21, 1999) (citing *Joseph Sternberg, Inc. v. Walber 36th St. Assocs.*, 187 A.D.2d 225, 228, 594 N.Y.S.2d 144, 146 (N.Y. App. Div. 1993)). Where an express contract governs the conduct at issue, a party is not entitled to assert an unjust enrichment claim in addition to a contract claim simply "because it fears it will not be able to prove that it sustained contract damages." *Id.* at *5.

The Court should dismiss Plaintiffs' unjust enrichment claim because the parties do not dispute the existence of the repurchase agreements, and the alleged conduct is covered by those agreements. According to the Complaint, Plaintiffs concede that each repurchase agreement is a "valid, binding and enforceable contract, supported by good and valuable consideration." (Compl. ¶¶ 51, 72.) Although Plaintiffs allege, in support of their unjust enrichment claim, that BCI confiscated a portion of the value of certain bonds by making "unreasonable margin demands and phony liquidation and valuation results and efforts" (Compl. ¶ 61), BCI's margin demands and subsequent liquidation is indisputably governed by the repurchase agreements (*see* Compl. ¶¶ 18, 20; Scott Aff., Exhs. A, B, C and D at §§ 4, 11), and forms the basis for Plaintiffs' breach of contract claim (*see* Compl. ¶¶ 23, 35-36, 52). Plaintiffs also claim, in support of their unjust enrichment claim, that "by breaching its agreement with Saturn . . . Defendant ultimately forced Saturn to sell such bond back to Defendant at an artificial discount . . . ." (Compl. ¶ 63.) But this alleged conduct is also covered by the repurchase agreement and forms the basis for Plaintiffs' Fifth Cause of Action for breach of contract: "Barclays then breached Saturn's Repurchase Agreement by subsequently reneging on its agreement to finance the Barclays Bond, ultimately forcing Saturn to sell such bond back to Barclays at an artificially low price." (Compl. ¶ 74.) Plaintiffs' unjust enrichment claim is clearly predicated on conduct that is governed by the contractual relationship between the parties, and should be dismissed. *See Boule v. Hutton*, 138 F. Supp. 2d 491, 510 (S.D.N.Y. 2001) (dismissing an unjust enrichment claim and noting that "[b]ecause a covenant of good faith is implied in every contract, if a contract exists, the equitable remedy for unjust enrichment is not needed").

### III. Plaintiffs' Accounting Claim Should Be Dismissed Because It Is Duplicative Of Plaintiffs' Breach Of Contract Claim.

Similar to Plaintiffs' Second and Third Causes of Action, Plaintiffs' Fourth Cause of Action is superfluous and should be dismissed. "In order to sustain an equitable action for accounting under New York law, a plaintiff must show either a fiduciary or confidential relationship with the defendant." *Leveraged Leasing Admin. Corp. v. Pacificorp Capital*, 87 F.3d 44, 49 (2d Cir. 1996) (*citing Palazzo v. Palazzo*, 121 A.D.2d 261, 265, 503 N.Y.S.2d 381, 384 (N.Y. App. Div. 1986)). The Complaint fails to allege either a fiduciary or a confidential relationship between Plaintiffs and BCI, and in fact none existed. In addition, each Plaintiff:

> has sought money damages in its breach of contract claim, and since discovery as to the measure of damages would be available to [Plaintiff] pursuant to that claim, [Plaintiff] can obtain all the information it seeks in its existing claims at law. Accordingly, "no useful purpose would be served by treating the plaintiffs' equitable accounting claim as an additional, and duplicative action at law."

*See Compagnia Importazioni Esportazioni Rapresentanze v. L-3 Communications, Corp.* 2007 U.S. Dist. LEXIS 57870, at *26-28 (S.D.N.Y. July 31, 2007) (quoting *Leveraged Leasing*, 87 F.3d at 49). Because Plaintiffs' accounting claim serves no useful purpose and is duplicative of their breach of contract claims, it should be dismissed.

### IV. Plaintiffs' Claim For Punitive Damages Should Be Dismissed.

The Court should dismiss Plaintiffs' punitive damages claim because they have failed to allege an independent tort as required under New York law. "In order to seek punitive damages in a claim arising from a breach of contract, Plaintiff [is] required — as a threshold matter — to properly allege that Defendant's conduct was actionable as an independent tort." *AD Rendon Communs., Inc. v. Lumina Ams., Inc.*, 2007 U.S. Dist. LEXIS 75625, at *24 (S.D.N.Y. Oct. 9, 2007) (*citing New York Univ. v. Continental Ins. Co.*, 662 N.E.2d 763, 767, 639 N.Y.S.2d 283 (N.Y. 1995) ("Where a lawsuit has its

genesis in the contractual relationship between the parties, the threshold task for a court considering defendant's motion to dismiss a cause of action for punitive damages is to identify a tort independent of the contract")). Plaintiffs have failed to meet this threshold requirement under New York law. Plaintiffs' failure to state a claim for a tort independent of the MRAs is fatal to their claim for punitive damages.

In addition, when the basis of a suit is a breach of contract, punitive damages are only available, under New York law, to vindicate a public right. *RNB Garments Phil., Inc.* v. *Lau*, 1999 U.S. Dist. LEXIS 5320, at *16-17 (S.D.N.Y. Apr. 16, 1999) (dismissing punitive damages claim and noting that "[w]hen the gravamen of a lawsuit is breach of contract, punitive damages are only available when necessary to vindicate a public right"). To assert a claim for punitive damages when the basis of the suit is a breach of contract, Plaintiffs must allege "that (1) the defendant's conduct is actionable as an independent tort; (2) the tortious conduct is sufficiently egregious; (3) the egregious conduct was directed at the plaintiff; and (4) the conduct was part of a pattern of conduct directed at the public generally." *Id.* at 17 (*citing New York Univ.*, 662 N.E.2d at 767, 639 N.Y.S.2d at 287 (N.Y. 1995.)) Not only have Plaintiffs failed to allege any facts that would support the first three prongs of the aforementioned test, but they have also failed to allege that BCI's conduct was part of a pattern of conduct directed at the public generally. Because there is no public right in need of vindication in this case, Plaintiffs' punitive damages claim should be dismissed. *See Lovely Peoples Fashion* v. *Magna Fabrics*, 1998 U.S. Dist LEXIS 11197, at *28 (S.D.N.Y. July 22, 1998) (dismissing punitive damages claim where the "action involves the obligation of one private party to another under a commercial contract. There is no public interest involved, and the Court is called upon merely to resolve a dispute between two private entities.").

## CONCLUSION

For the foregoing reasons, Plaintiffs' claims for breach of the implied covenant of good faith and fair dealing, unjust enrichment, accounting, and punitive damages should be dismissed, with prejudice.

Dated: New York, New York
       January 7, 2008

/s/ Jeffrey T. Scott
Robinson B. Lacy (RL8282)
Jeffrey T. Scott (JS5014)
Yannick Carapito (YC7480)
Jonathan Sedlak (JS3769)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004
(212) 558-4000

*Attorneys for Defendant*
*Barclays Capital Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I am admitted to the Bar of this Court and that, on January 7, 2008, a true copy of **DEFENDANT BARCLAYS CAPITAL INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**, was served by hand on Micheal E. Petrella, Esq., O'Shea Partners LLP, 90 Park Avenue, 20th Floor, New York, New York 10016.

Jonathan M. Sedlak

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
:
LUMINENT MORTGAGE CAPITAL, :
INC., *et al.*, :
:
                Plaintiffs, : 07 CIV 10275 (RMB)
  v. :
:
BARCLAYS CAPITAL INC., :
:
                Defendant. :
------------------------------x

## AFFIDAVIT OF JEFFREY T. SCOTT

    I, JEFFREY T. SCOTT, being duly sworn, deposes and says as follows:

    1.    I am a member of the bar of this Court, and a member of Sullivan & Cromwell LLP, counsel to defendant Barclays Capital Inc. ("BCI") in the above-captioned action. I submit this affidavit to place before the Court certain materials cited in the Memorandum of Law of Barclays Capital Inc. in Support of Its Motion to Dismiss.

    2.    A true and correct copy of the Master Repurchase Agreement between BCI and Luminent Mortgage Capital, Inc., dated June 27, 2005, is attached hereto as Exhibit A.

    3.    A true and correct copy of the Master Repurchase Agreement between BCI and Mercury Mortgage Finance Statutory Trust, dated December 22, 2005, is attached hereto as Exhibit B.

4.  A true and correct copy of the Master Repurchase Agreement between BCI and Minerva Mortgage Finance Corporation, dated December 22, 2005, is attached hereto as Exhibit C.

5.  A true and correct copy of the Master Repurchase Agreement between BCI and Saturn Portfolio Management, Inc., dated August 25, 2006, is attached hereto as Exhibit D.

                                                               Jeffrey T. Scott

Sworn to before me this
7th day of January, 2008

_____
Notary Public

LISA DIPIETRANTONIO
Notary Public, State of New York
No. 01DI6044245
Qualified in Bronx County
Commission Expires July 3, 2010