**MEMO ENDORSED**
*As amended*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LUMINENT MORTGAGE CAPITAL,  :  07 CIV 10275 (RMB)
INC., *et al.*,

                Plaintiffs,

     v.

BARCLAYS CAPITAL INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

[Stamp: USDC SDNY, DOCUMENT, ELECTRONICALLY FILED, DOC #:, DATE FILED: 4/4/08]

## CONFIDENTIALITY STIPULATION AND ORDER

To expedite the exchange of discovery material in the above-captioned matter, facilitate the prompt resolution of disputes over confidentiality, and protect discovery material entitled to be kept confidential, the parties, by their undersigned counsel, hereby stipulate and agree, subject to the approval of the Court pursuant to Fed. R. Civ. P. 26(c), as follows:

    1.    All Discovery Material produced to a party pursuant to this Confidentiality Stipulation and Order ("Confidentiality Order") shall be used solely by the receiving party for the purposes of prosecuting or defending this action and for no other purpose.

    2.    The party producing Discovery Material may designate as "Confidential" any document that the party in good faith believes embodies confidential, commercially sensitive, personal or proprietary information ("Confidential Information").

    3.    Discovery Material shall be designated as Confidential Information by stamping "Confidential" on the document. Discovery Material produced without a

"Confidential" designation may later be designated as Confidential Information through appropriate written or other notice to the opposing party. Such Discovery Material will then be considered Confidential Information under all sections of this Order.

4. Confidential Information shall be disclosed only to: (i) the parties (including its employees); (ii) their counsel and associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting the parties' counsel in the preparation of this action for trial; (iii) the Court; and (iv) court reporters.

5. If it becomes necessary in the judgment of counsel for any party to disclose Confidential Information to a third person, such as a fact or expert witness or a potential fact or expert witness for the purpose of conducting these proceedings, before such disclosure is made, the party disclosing Confidential Information shall obtain from such third person a signed written Confidentiality Acknowledgment (in the form annexed hereto as Exhibit A) that he or she has read a copy of this Confidentiality Order and agrees to be bound by its terms.

6. Any party to the action to whom Confidential Information is produced or disclosed may object at any time to the "Confidential" designation. The objection shall be made in writing to counsel for the designating party (the "Notice"). Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement within five (5) business days of the date of service of the Notice, the objecting party may move to remove the "Confidential" designation. With respect to any such application to the Court, the party opposing the lifting of the "Confidential" designation shall have the burden of establishing that such designation is proper. All materials whose designation is so

objected to shall continue to be treated as Confidential Information until there is a ruling to the contrary.

7. In the event Confidential Information is used at any deposition in this proceeding, any party may, on the record of such deposition or within thirty (30) days after receipt of the transcript thereof, designate relevant portions of such deposition as "Confidential."

8. In the event that before, during or after trial, or in connection with any hearing in this action or any matter relating to this action, counsel for any party determines to file or submit to the Court any Confidential Information, such party shall attach copies of such material only to copies of such filing or submission served on the other parties and on courtesy copies sent to Chambers, barring agreement of the producing party, but shall refrain from filing such material with the Clerk of the Court for seven (7) business days, during such time any party may apply to the Court to accept the filing of said material under seal; provided, however, that no material shall be filed under seal without an express showing that the standards of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) have been met. The party seeking to submit such material shall not file said material with the Clerk of the Court pending the resolution of any such application. Should either the producing party consent or no party make such application within seven (7) business days of service of said filing or submission, the filing of such material under seal shall not be required.

9. All information subject to confidential treatment in accordance with the terms of this Confidentiality Order that is permitted to be filed under seal with the Court, and any pleadings, motions or other papers filed that contain or disclose any

such confidential information, shall be filed in a sealed envelope on which a statement substantially in the following form shall be endorsed:

"CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO CONFIDENTIALITY ORDER"

or it may be filed pursuant to such other procedure as agreed to by the parties or as directed by the Court.

10. Subject to the applicable Federal Rules of Evidence, Federal Rules of Civil Procedure, Local Rules and orders of the Court, Confidential Information may be offered into evidence at the trial of the action or any hearing related thereto, and testimony containing Confidential Information may be elicited. Any party may move for an order that Confidential Information so offered into evidence or so elicited in testimony be received under conditions to prevent its disclosure to persons or entities not entitled under this Confidentiality Order to have access to it.

11. This Confidentiality Order has no effect upon, and shall not extend to, any party's use of that party's own Confidential Information as that party wishes.

12. No person receiving Confidential Information shall make any copy or otherwise reproduce any such information except as necessary to prosecute or defend this action.

13. No person receiving Confidential Information shall reveal to, or discuss such information with, any person not entitled to receive such information under the terms hereof.

14. Inadvertent disclosure of any Confidential Information shall not waive the confidential nature of the information or document or any applicable claim of privilege with respect to such discovery material.

-5-

15.  After the final conclusion of the Action, copies of all Confidential Information shall, upon request, be destroyed by the parties and their counsel, or returned to counsel for the producing party within sixty (60) days after the final conclusion of the action; provided, however, that the parties' counsel may retain copies of briefs and other papers filed in the proceeding which contain Confidential Information, so long as such briefs or other papers are maintained in accordance with the provisions hereof.  The phrase "final conclusion of the Action" means after all appeal periods have expired and any payments due pursuant to any judgment are paid, or after the execution of any settlement agreement resolving this action, including the payment of any sums due under the settlement agreement, whichever happens first.

16.  Nothing herein shall be deemed to waive any privilege recognized by law.

17.  The Court retains jurisdiction for the purpose of enabling any party to apply for such other and further orders concerning the subject of this Confidentiality Order as may be necessary or appropriate.

18. The terms of this Confidentiality Order shall survive any settlement, discontinuance, dismissal, judgment or other disposition of the above entitled action.

19. The Court retains discretion whether to afford confidential treatment to any confidential document or information contained in any confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

Dated: New York, New York
April 2, 2008

_____
Jeffrey T. Scott (JS5014)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
(212) 558-4000

*Counsel for Defendant*
*Barclays Capital Inc.*

_____
Michael E. Petrella (MP3794)
O'SHEA PARTNERS LLP
90 Park Avenue, 20th Floor
New York, NY 10016
(212) 682-4426

*Counsel for Plaintiffs Luminent Mortgage Capital, Inc., Minerva Mortgage Finance Corporation, Mercury Mortgage Finance Statutory Trust and Saturn Portfolio Management, Inc.*

SO ORDERED, this 4th day of April 2008.

_____
Richard M. Berman
United States District Judge

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
LUMINENT MORTGAGE CAPITAL, : 07 CIV 10275 (RMB)
INC., *et al.*, :
:
          Plaintiffs, :
     v. :
:
BARCLAYS CAPITAL INC., :
:
          Defendant. :
------------------------------------x

**CONFIDENTIALITY ACKNOWLEDGMENT**

_____ (Name of person, firm or organization) hereby acknowledges that he or she has read a copy of the Confidentiality Stipulation and Order dated _____, 2008, in the above entitled matter, and agrees to be bound by its terms.

_____
(Signature of person, firm or organization)